The order below is hereby signed.

Signed: February 28 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

In re:

    4069-4089 Minnesota Ave NE LLC,

    Debtor.

Case No. 25-00070-ELG

Chapter 11

## ORDER TO SHOW CAUSE

On February 27, 2025, the Debtor filed a petition commencing this chapter 11 bankruptcy case, which Oscar Portillo signed as the managing member. The Debtor is represented by Richard Rosenblatt, Esquire ("Counsel"). The corporate resolution authorizing the petition is a scant 56 words and provides Mr. Portillo with the authority to execute and file all necessary documents in this case. Furthermore, the corporate resolution states that Mr. Portillo is authorized by "all equity security holders." These individuals are not disclosed, and the List of Equity Security Holders filed with the case only lists Mr. Portillo. However, there is very little doubt that at least one missing interested party is Ali "Sam" Razjooyan. *See Dist. Columbia v. Razjooyan*, 2024-CAB-005590 (D.C. Sup. Aug. 30, 2024) (Mr. Razjooyan is named as the owner of US Realty, LLC; other named defendants include Mr. Portillo, the Debtor, US Realty, LLC, and Elite Residential Services, LLC).

This Court is very familiar with Mr. Razjooyan and his use of other "business partners" and US Realty, LLC to obfuscate his real ownership or control of a real estate entity. He has appeared as a party, including the owner, manager, or former manager in more than 19 cases in

1

this Court in which either a chapter 11 trustee was appointed, or the case was converted to chapter 7. In addition, this Court is aware of another case filed in the United States Bankruptcy Court for the District of Maryland involving Mr. Razjooyan. Despite this, Question 10 on the Petition ("Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?") is blank.

The Court is further well-aware of (a) the extensive history of Mr. Razjooyan's attempted use of this Court in furtherance of his real estate schemes; (b) the pending cases of entities in which he held an interest and/or served as the managing member; (c) the actions (or inactions) of Mr. Razjooyan and his alleged business partners (such as Mr. Portillo) before this Court; and (d) the Court's prior findings that Mr. Razjooyan had perjured himself while under oath. For all the reasons set forth herein, the Court finds sufficient cause to order Counsel and Mr. Portillo to appear and show cause (i) why this case should proceed in chapter 11; (ii) why the Debtor should remain in possession; and/or (iii) why Mr. Portillo should remain in control of the Debtor.

Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Mr. Portillo and Counsel shall appear in person on March 11, 2024, at 9:30 a.m. and:

1) Provide the Court with documents evidencing (a) Mr. Portillo's authority to act on behalf of the Debtor; (b) information on former shareholders, members, or sales of memberships; and (c) copies of any operating agreement, bylaws, and any other corporate documents of the Debtor.

2) Show cause why Counsel and/or Mr. Portillo should not be sanctioned for the inaccurate statements on Question 10 of the Petition.

3) Show cause why the Court should not appoint a chapter 11 trustee or convert this case to chapter 7.

    4)        Mr. Portillo may file a written response to this Order, if any, on or before March 7, 2025.

[Signed and dated above.]

Copies to: Debtor; recipients of electronic notice.